OPINION
Appellant Raymond Belknap appeals the decision of the trial court finding him to be a sexual predator after his conviction and sentence for gross sexual imposition. Belknap assigns eleven errors for our review.[1]
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On June 24, 1997, the trial court issued an order finding Raymond Belknap a sexual predator as defined in H.B. 180. H.B. 180 requires a hearing to determine the registration and notification status of a convicted sexually oriented offender. Belknap was returned to the trial court for a sexual predator hearing because of his 1996 conviction for gross sexual imposition.
The charge arose from an incident in the parking lot of the Great Northern Mall when Belknap grabbed a woman between her legs below her pubic area. When the woman screamed, Belknap fled the scene. However, a passer-by recorded his license plate number and notified the police.
Probation officer Michael Edwards visited Belknap during a routine visit and Belknap told him about the incident at the mall.
Belknap denied any wrongdoing and explained that he put his hands on her hips in an effort to go past her. Edwards contacted the police who informed him that Belknap would be charged with gross sexual imposition.
On February 28, 1996, Edwards and another probation officer, Sandy Staveski, visited Belknap's home and advised him of the forthcoming charge. Belknap consented to a search of his home. The search yielded three pornographic magazines, three or four pornographic tapes, and 30 to 40 photographs primarily depicting womens crotches and buttocks. On February 29, 1996, Belknap's probation officer filed a request for a probation violation hearing[2] and referred Belknap to Dr. David Zachau for psychological evaluation. Belknap later pleaded guilty to Gross Sexual Imposition. The trial court found him guilty and terminated his probation.
At the sexual predator determination hearing, the trial court heard evidence about the Gross Sexual Imposition conviction and about Belknap's prior criminal record. The evidence revealed that, in 1991, Belknap was convicted of Breaking and Entering and Possessing Criminal Tools. In 1992, he was convicted for Attempted Grand Theft of a motor vehicle and later sentenced to eighteen months in prison. The sentence was suspended and Belknap was placed on three years probation. His probation was later extended an additional year after he tested positive for marijuana use.
On September 6, 1995, while still on probation for Attempted Grand Theft, Belknap was convicted of public indecency after a passer-by observed him masturbating in his car in the parking lot of Midway Mall. He was fined $100.00 and sentenced to 30 days in jail. The jail time was suspended on the condition of good behavior for one year.
At the time of the February 24, 1996 incident at the Great Northern Mall that lead to the Gross Sexual Imposition charge, Belknap was still on probation for Attempted Grand Theft of a motor vehicle. When questioned about the incident, Belknap denied any wrongdoing, stating that he merely placed his hands on the woman's hips and said "excuse me" in an effort to get past her.
The evidence presented at the sexual determination hearing included the photographs and magazines seized from Belknap's home as well as the testimony of North Olmsted police detective Victor Branscum and Belknap's probation officer, Michael Edwards. The state also presented the testimony of licensed professional clinical counselor Martha Keyes who testified that Belknap was likely to reoffend.
In a journal entry dated June 24, 1997, the trial court determined that Belknap was a sexual predator. This appeal followed.
In his first, second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh assignments of error, Belknap challenges the constitutionality of R.C. Chapter 2950. This court has reviewed and rejected these constitutional challenges inState v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, Belknap's first, second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh assignments of error are summarily overruled.
In his third assignment of error, Belknap argues the evidence presented at the sexual predator determination hearing was insufficient to establish by clear and convincing evidence that he is likely to engage in sexually-oriented offenses in the future. We disagree.
In support of her opinion that Belknap was likely to commit sexually-oriented offenses in the future, Dr. Martha Keyes noted the frequency of Belknap's offenses, the nature of those offenses, his possession of various pieces of pornography, his prior convictions, his marijuana use and subsequent parole violations, his depersonalization of his victims (photographs of women he surreptitiously photographed on the beach were cut to remove the heads), his impulsivity, the escalation of the seriousness of his offenses, and his minimization of his actions. Keyes testified that escalation in the seriousness of sexually-oriented offenses was a common progression in sexual offenders.
In a report submitted to the court, Belknap's probation officer wrote that Belknap "has shown and established a pattern of progressively dangerous sexual behavior" and that Belknap went from viewing pornographic magazines in the privacy of his own home to public masturbation, to sexually assaulting females in broad daylight.
North Olmsted police officer Victor Branscum testified that Belknap admitted that he saw the victim of the gross sexual imposition in the Sears store at Great Northern Mall and began to have thoughts about her. According to Branscum, Belknap admitted he accosted the victim in the parking lot with the intention of grabbing her "in her private area" but got the victims thigh instead.
In light of the evidence presented, we conclude that the state met its burden of demonstrating by clear and convincing evidence that Belknap was likely to commit a sexually-oriented offense in the future. Accordingly, Belknap's third assignment of error is overruled.
The trial court's judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, JUDGE.
LEO M. SPELLACY, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1]See Appendix.
[2] Belknap was later found to be a probation violator.
APPENDIX
ASSIGNMENTS OF ERROR
1. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION.
2. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
3. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
4. THE APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
5. THE APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
6. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
7. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
8. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 10 OF THE OHIO CONSTITUTION.
9. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
10. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9 OF THE OHIO CONSTITUTION.
11. APPELLANT'S GUILTY PLEA IN THE CASE AT BAR WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED, IN VIOLATION OF CRIM. R. 11(C), WHERE APPELLANT WAS NOT INFORMED OF THE EFFECTS OF HIS PLEA.